IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHADRICK WATERS (1) | § | |
| | § | |
| V. | § | A-18-CV-1096-LY |
| | § | (A-15-CR-331-LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Chadrick Waters' Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. No. 176); Waters' Memorandum of Law in Support of his § 2255 Habeas Motion (Dkt. No. 179); the Government's Response (Dkt. No. 180); and Waters' Reply (Dkt. No. 181). The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## I.   GENERAL BACKGROUND

On November 3, 2015, Chadrick Waters was charged in a four-count indictment with Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and (C) (Count One); Possession with Intent to Deliver a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) (Count Two); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C § 924(c)(1) (Count Three); and Possession of a Firearm by a Felon, in violation of 18 U.S.C § 924(g)(1) (Count Four). Dkt. No. 169. On January 19, 2016, the Grand Jury returned a Superceding Indictment, adding an additional Count, Maintaining a Drug Premises, in violation of 21 U.S.C. § 856(a). Dkt. No. 39.

On June 2, 2016, Waters entered a plea of guilty to Count Four of the Superceding Indictment, Felon in Possession of a Firearm, pursuant to a written plea agreement. Dkt. No. 116.

On August 22, 2016, the District Court sentenced Waters to 60 months incarceration (with credit for time served in state and federal custody since December 9, 2015), followed by three years of supervised release, a $100 mandatory special assessment fee, and forfeiture of three firearms and cash. Dkt. No. 142. Waters appealed his sentence and conviction to the Fifth Circuit, Dkt. No. 145, and on December 11, 2017, the Circuit dismissed the appeal after concluding that the "record reveals no nonfrivlous issue for appellate review." Dkt. No. 173. On December 17, 2018, Waters filed this Motion to Vacate, Set Aside, or Correct Sentence, arguing that he was denied the effective assistance of counsel because his trial counsel failed to file a motion to suppress evidence and failed to file a motion to dismiss due to a Speedy Trial Act violation. Dkt. No. 176.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have

been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III.  ANALYSIS

Waters raises two ineffective assistance of counsel arguments. To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

A.      **Failure to File Motion to Suppress**

Waters first complains of his attorney's failure to file a motion to suppress evidence. Waters asserts that he was arrested as a result of an invalid search warrant and that "a reasonably competent attorney would have filed a motion to suppress." Dkt. No. 179 at 5. Specifically, Waters contends that the affidavit of probable cause supporting the warrant relies in part on information provided by a confidential informant. *Id.* at 4-10. As noted, Waters entered a guilty plea pursuant to a plea agreement. One of the rights he waived in that agreement was the right to file pretrial motions. Specifically, the plea agreement informed Waters of the right to raise issues and challenges by pretrial motion, including suppression of evidence, and that by entering into the plea agreement, he would forfeit that right:

> Pretrial Motion: The Defendant understands that he could raise a number of issues and challenges by pretrial motion including suppress evidence and to dismiss charges against him. By entering into this agreement and pleading guilty, the defendant agrees to give up any and all claims he has made or might have made by pretrial motions and agrees to dismissal of any motioned [sic] that currently are pending.

Dkt. No. at 116 p. 3.

Nowhere in the record is there any indication that Waters did not understand or was confused by this provision of his agreement. In fact, at Waters' guilty plea proceeding, he confirmed that he had read the entire agreement and that he fully understood the entire plea agreement and the rights that he was giving up. *See* Dkt. No. 167 at 6-11, 24. The magistrate judge advised Waters that his plea agreement was "complicated," addressing "a lot of important legal concepts," and Waters confirmed that "to the extent [he] had any questions about the contents of the plea agreement, [he had] talk[ed] to [his] lawyer about that before [he] signed it." *Id.* at 10. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent

4

collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Based upon the foregoing, and the complete lack of any evidence that Waters did not enter into the agreement freely and voluntarily, his waiver of pretrial motions—including the right to file a motion to suppress evidence—precludes this claim. Because Waters waived his right to file a motion to suppress, he cannot fault his attorney for not filing such a motion.

Moreover, even if Waters had not waived his right to file a motion to suppress, he has not met his burden to demonstrate that his attorney's failure to file such a motion was deficient. "Failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *United States v. Chavez–Valencia*, 116 F.3d 127, 134 (5th Cir. 1997). Both deficient performance and prejudice must be proven, and failure to prove either is fatal to such a claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995). Where failure to litigate a Fourth Amendment issue is the foundation of an ineffectiveness claim, in addition to proving counsel deficient, to show prejudice the defendant must prove his Fourth Amendment claim was meritorious and there is a reasonable probability the outcome of the case would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Thus, Waters must show that (1) counsel's decision not to file a motion to suppress was objectively unreasonable in light of the facts and circumstances; and (2) that he suffered prejudice as a result.

A decision of whether or not to file a motion to suppress is a strategic choice of counsel. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). There is a "presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after

less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Counsel is required "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Thus, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire [proceeding] with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)). Courts must be "careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

In this case, counsel's decision not to file a motion to suppress was not objectively unreasonable under the facts and circumstances, and Waters did not suffer any prejudice as a result. The search warrant in question is valid on its face. Probable cause to issue a warrant exists when "the magistrate was provided with sufficient reliable information form which he could reasonably conclude that the items sought in the warrant were probably at the location sought to be searched." *United States v. Wake*, 948 F.2d 1422, 1428 (5th Cir. 1991). The state magistrate's finding of probable cause is given great deference. *Illinois v. Gates*, 462 U.S. 213, 239 (1983). Moreover, statements by law enforcement officers are entitled to a presumption of reliability when based on personal observation or on the observation of other officers. *United States v. May*, 819 F.2d 531, 536 (5th Cir. 1987). Here, the affidavit of probable cause is based on information that the affiant officer personally observed, information personally observed by fellow officers, and information given by a confidential informant, which was corroborated by three additional confidential sources and by the officers themselves. Dkt. No. 180 at 10; Dkt. No. 180-7. In fact, one the means by which

the officer corroborated the informant's statements about Waters was by making a "controlled buy" of crack cocaine from Waters himself, at the residence that was searched. Dkt. No. 180-7 at 3. The magistrate plainly had sufficient reliable information to issue the warrant. As a result, a motion to suppress the evidence seized in the search would have been unsuccessful, and Waters therefore cannot establish that his counsel's failure to file a motion to suppress was deficient or that he was prejudiced by that failure. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

        **B.**      **Failure to File Motion to Dismiss Based on Speedy Trial Act Violation**

Waters also asserts that his attorney was ineffective because he failed to file a motion to dismiss based on a Speedy Trial Act violation. Waters made his initial appearance on November 18, 2015. This started the Speedy Trial Act's 70-day clock. Subsequently, several motions for continuance were filed and granted by the Court. Waters alleges that the motions failed to cite allowable reasons for delay. He thus argues that the Court's orders continuing the deadlines in the case were legally insufficient, and that his attorney should have filed a motion to dismiss. *See* Dkt. No. 179 at 10-12. As an initial matter, "[a] voluntary and unconditional guilty plea waives an appellant's right to challenge non-jurisdictional defects, such as a Speedy Trials claim, in the proceedings leading to a conviction." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). As discussed above, Waters voluntarily and unconditionally entered a plea agreement, thus he waived his right to raise a Speedy Trial Act claim.

Even if Waters had not pled guilty, however, the claim would not have been successful as Waters cannot establish any violation of the Act. The Speedy Trial Act requires that a defendant's trial commence within 70 days from his indictment or initial appearance, whichever is later. 18

U.S.C. § 3161(c)(1); *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007). However, a delay arising because of any pretrial motion, from the filing of the motion through the conclusion of the hearing on the motion, is excludable for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D); *United States v. Harris*, 566 F.3d 422, 428-29 (5th Cir. 2009). The record reveals that Waters had his initial appearance on November 18, 2015, and initially, his trial was set for January 11, 2016, which was within the 70 day Speedy Trial Act time frame. On December 9, 2015, Waters filed an unopposed motion for a continuance. Dkt. No. 32. The Court granted the motion finding that the interests of justice supported allowing Waters additional time for pretrial preparation and also finding that the delay was excludable from the Speedy Trial Act. Dkt. No. 34. On January 19, 2016, the grand jury issued a superceding indictment, thereby restarting the tolling of the Speedy Trial Act clock. Dkt. No. 170; *See* 18 U.S.C. 3161(h)(1)(B) and (7)(A). Subsequently Waters and his two co-defendants filed four additional motions for continuance, all of which were granted by the Court. Dkt. No. 180 at 11-12; Dkt. No. 180-9 at 2; Dkt. No. 180-10 at 2; Dkt. No. 180-11 at 2; Dkt. No. 180-12 at 2. Given the Court's findings that all the time within the motions for continuance was excludable, there were only 11 non-excludable days until Waters' plea hearing on June 2, 2016.

Any objections based on the Speedy Trial Act would have been frivolous in light of the Court's Orders on the motions for continuance. Dkt. No. 180 at 11-12; Dkt. No. 180-9 at 2; Dkt. No. 180-10 at 2; Dkt. No. 180-11 at 2; Dkt. No. 180-12 at 2. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch*, 907 F.2d at 527. Thus, Waters has not shown that counsel's representation on this matter was deficient or that he was prejudiced by any deficient representation on the part of counsel. Waters has not shown that he is entitled relief based on his second ineffective assistance of counsel claim.

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Chadrick Waters' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 176).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

Waters is entitled to a COA only if he made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In explaining this rule as it relates to procedural rulings, the Supreme Court stated, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On the other hand, in cases where a district court rejected a movant's constitutional claims on the merits, the Supreme Court concluded that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Similarly, a movant satisfies the COA requirements by demonstrating "that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Notably, this standard does not require the movant to show that an appeal will succeed.  *Id.* at 337.

In this case, reasonable jurists could not debate the denial of Waters' motion on procedural or substantive grounds, given the lack of merit in the motions Waters contends his counsel should have filed.  Accordingly, the undersigned recommends that a COA not be issued.

## VI.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 17th day of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE